IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                          Cr. No. 03-766 JP

JOSE LUIS FARIAS-BLANCO,
EDUARDO ORTEGA,
RICARDO CUEVAS, and
ALFONSO TARWATER, SR.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 23, 2004, the Court held a hearing on the following motions: Defendants Ricardo Cuevas and Jorge Cuevas' Motion to Suppress and Memorandum of Points and Authorities (Doc. No. 412), filed March 9, 2004; Defendants Ricardo Cuevas and Jorge Cuevas' Motion for Severance of Offenses Charged in the Superseding Indictment and Memorandum in Support (Doc. No. 406), filed March 9, 2004; and Defendants Ricardo Cuevas and Jorge Cuevas' Motion for Disclosure of the Identity of Confidential Informants and Cooperating and Participant Witnesses and Memorandum in Support (Doc. No. 407), filed March 9, 2004.[1] James Braun, Assistant United States Attorney, represented the United States at the hearing. Drug Enforcement Administration Special Agent Kendal Johnson accompanied Mr. Braun at the hearing. Joe M. Romero, Jr. represented Defendant Ricardo Cuevas who was present at the hearing. Edward O. Bustamante represented Defendant Alfonso Tarwater, Sr. who was also present at the hearing. Naomi Salazar represented Defendant Jose Luis Farias-Blanco who

---

[1] Since Defendant Jorge Cuevas has pled guilty in this case, these motions are moot as to Defendant Jorge Cuevas.

waived attendance at the hearing.

    A.  The Motion to Suppress

Defendant Ricardo Cuevas seeks to suppress all of the evidence seized from his residence located at 17 Road 6663, Fruitland, New Mexico. Defendant Ricardo Cuevas attacks the sufficiency of the search warrants by arguing that the Magistrate Judge did not have probable cause to issue the search warrant. Having reviewed the search warrant as well as Agent Johnson's affidavit supporting the search warrant, the Court finds that the Magistrate Judge had probable cause to issue the search warrant. *See United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000)(the magistrate judge's probable cause determination is given great deference and will be upheld if there is a substantial basis for finding probable cause). Even if the Magistrate Judge did not have probable cause to issue the search warrant, the good faith exception is applicable. *See id.* at 1006 (evidence "need not be suppressed if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate."). The Motion to Suppress will, therefore, be denied.

    B.  The Motion for Severance of Offenses

Defendant Ricardo Cuevas moves to sever Counts 4 and 5 (the firearms counts) from the remaining drug trafficking and possession counts of the Superseding Indictment. Defendant Ricardo Cuevas argues that evidence of the firearms charges will unduly prejudice him at trial. The Court finds that any risk of prejudice will be cured by allowing Mr. Romero to ask *voir dire* questions regarding the firearms charges and by providing the jury with special jury instructions addressing Mr. Romero's concerns. *See United States v. Leon*, 47 F3d. Appx. 539, 542 (10th Cir. 2002)(less drastic measures like limiting instructions often suffice to cure any risk of

prejudice).  The Motion for Severance of Offenses will be denied.

      C.  The Motion for Disclosure of the Identity of Confidential Informants and Cooperating and Participant Witnesses

Mr. Braun and Mr. Romero agree that this motion is now moot.  Consequently, the Court will deny the Motion for Disclosure of the Identity of Confidential Informants and Cooperating and Participant Witnesses as moot.

      D.  Other Matters

Mr. Romero asked the Court to grant Defendant Ricardo Cuevas permission to take a two day furlough to attend the surgery of his son in Farmington, New Mexico.  The Court will grant Defendant Ricardo Cuevas' request for a furlough once it receives an order approved by Mr. Braun and Pretrial Services.

Mr. Braun and Mr. Romero asked the Court to set a *James* hearing prior to trial.  Mr. Braun needed at least 30 days to prepare for a *James* hearing.  The *James* hearing will, therefore, be set on July 28, 2004 at 2:00 p.m. in the Hondo Courtroom.  In addition, jury selection and the jury trial will commence at 9:00 a.m. on September 8, 2004 in the Hondo Courtroom.

IT IS ORDERED:

1. Defendants Ricardo Cuevas and Jorge Cuevas' Motion to Suppress and Memorandum of Points and Authorities (Doc. No. 412) is denied;

2.  Defendants Ricardo Cuevas and Jorge Cuevas' Motion for Severance of Offenses Charged in the Superseding Indictment and Memorandum in Support (Doc. No. 406) is denied;

3.  Defendants Ricardo Cuevas and Jorge Cuevas' Motion for Disclosure of the Identity of Confidential Informants and Cooperating and Participant Witnesses and Memorandum in Support

(Doc. No. 407) is denied;

    4.  Defendant Ricardo Cuevas' request for furlough will be granted once the Court receives an order approved by Mr. Braun and Pretrial Services;

    5.  a *James* hearing is set for July 28, 2004 at 2:00 p.m. in the Hondo Courtroom; and

    6.  jury selection and the jury trial is set for September 8, 2004 at 9:00 a.m. in the Hondo Courtroom.

                                                   _____
                                                   SENIOR UNITED STATES DISTRICT JUDGE